**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARY FISHER, on his own behalf and on behalf of others similarly situated,**

**Plaintiff,** **CASE NO.:**

**vs.**

**TOWNE PARK, LLC,**

**Defendant.** /

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Collective Action Complaint)**

Plaintiff, CARY FISHER ("Plaintiff"), on his own behalf and on behalf of those similarly situated to him, ("Plaintiffs"), was an employee of Defendant, TOWNE PARK, LLC ("TOWNE" or "Defendant"), and brings this action for unpaid minimum wages, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 206(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 6(a) of the FLSA requires payment of the applicable federal minimum wage for all hours worked by a covered employee in any given work week. 29 U.S.C. § 206(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendant to Plaintiffs of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiffs and against Defendant as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *See id.*

6. The Defendant in this case violated the FLSA by failing to pay Plaintiff and other similarly-situated bellmen proper minimum wages for all hours worked as a result of improperly paying Plaintiff and those similarly situated on a tip credit method and as a result as improperly retaining his/their tips.

7. This action is intended to include each and every Bellman paid a tip-credited wage who worked for Defendant in Florida at any time within the past three (3) years under the FLSA.

**PARTIES**

8. Plaintiff, and those similarly situated individuals ("class members"), were/are employed by Defendant as Bellmen in Florida and paid a tip-credited wage per hour, plus tips in exchange for services provided for Defendant.

9. Defendant is "recognized as an industry leader in the expert management and delivery of complex parking and hospitality services for premier hotel brands and healthcare facilities across the country." See Defendant's website at https://www.townepark.com/about/.

## JURISDICTION

10. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

11. Defendant, TOWNE, is a Foreign Limited Liability Corporation that conducts business in, among others, Orange County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## COVERAGE

12. At all material times, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times, Defendant was an employer as defined by 29 U.S.C. § 203(d).

14. At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15. At all material times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

a. Engaged in commerce; or

b. Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. pens, paper, telephones, facimiles, computers, and other office supplies).

16. Additionally, Plaintiff and those similarly situated to him are individually covered as a result of their routine and daily contacts with Defendant's out-of-state customers and their personal belongings which had/have travelled in interstate commerce and as a result of routine and regular handling of goods, materials and supplies which had travelled in interstate commerce.

**GENERAL ALLEGATIONS**

17. Plaintiff, CARY FISHER, began his employment in April 2016 as a Bellman providing Bellman/Bellhop services on behalf of Defendant in Florida.

18. Defendant provides, among other services, bellmen/bellhop services to its numerous hotel establishment customers throughout the country, including Florida.

19. Defendant, to reduce labor costs, utilized the FLSA's tip credit provisions and paid Plaintiff and other similarly situated "tipped" Bellman a sub-minimum wage for their work performed.

20. Plaintiff and those similarly situated to him were Bellman employed by Defendant in Florida.

21. Plaintiff and those similarly situated to him were paid pursuant to a "tip credit" method and were paid the minimum wage, minus a tip credit, for all hours worked.

22. Notwithstanding Defendant's preference to pay Plaintiff and the class members through the tip-credit method, Defendant required class members to contribute to a tip pool that included employees who do not customarily receive tips, contrary to the FLSA.

23. Notwithstanding Defendant's preference to pay Plaintiff and the class members through the tip-credit method, Defendant improperly retained tips which were the sole property of Plaintiff and the class members, contrary to the FLSA.

24. As a result of these FLSA violations, Plaintiff and those similarly situated to him did not earn at least the statutory minimum wage for all hours worked during one or more workweeks.

25. As a result of these FLSA violations, Plaintiff and those similarly situated to him did not receive all tips belonging to them during one or more workweeks.

26. As a result of these FLSA violations, Plaintiff and the class members are entitled to receive (1) repayment of the tip credit improperly deducted from their wages; (2) the tips improperly retained; and (3) related damages under the FLSA.

27. Plaintiff and those similarly situated to him are entitled to at least the Federal minimum wage pursuant to §206(a) of the FLSA.

28. Plaintiff and those similarly situated to him are entitled to the statutory Florida minimum wage rate pursuant to §29 C.F.R §778.5.

29. Defendant has a common pay policy and/or pay practice which fails to pay certain tip-credited wage paid employees at least the statutory minimum wage for all hours worked per week.

30. Defendant has a common pay policy and/or pay practice which improperly retained tips that were the sole property of Plaintiff and the class members.

31. Defendant failed to provide Plaintiff and the class members with proper notice of the tip credit provision requirements.

32. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wage compensation with respect to Plaintiff and those similarly situated to him.

33. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of improperly retaining tips which were the sole property of Plaintiff and those similarly situated to him.

34. Defendant did not rely upon the advice of counsel in creating the pay structures of Plaintiff and those similarly situated to him.

35. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

36. Defendant has acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

37. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff and those similarly situated to him in the litigation and have agreed to pay the firm a reasonable fee for its services.

**COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiff and the class members were all "Bellmen" and performed the same or similar job duties as one another in that they provided bellhop services to Defendant's customers' patrons in the state of Florida.

39. Defendant paid/pays the class members in the same manner, i.e., utilizing a tip credit method and paying them by the hour.

40. Plaintiff and the class members were subjected to the same pay provisions in that they were all paid pursuant to the "tip credit" provisions of the FLSA.

41. Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at least the proper minimum wage for all hours worked as a result of being required to contribute to an improper tip pool and as a result of Defendant improperly retaining tips that were the sole property of Plaintiff and the class members.

42. Defendant's uniform method of payment to Plaintiff and the class members resulted in a failure to pay Plaintiff and the class members the required minimum wages due under the FLSA.

43. Defendant's uniform method of payment to Plaintiff and the class members resulted in a failure to pay Plaintiff and the class members the required tip wages due under the FLSA.

44. This policy(s) or practice(s) was/are applicable to Plaintiff and the class members.

45. Application of this policy(s) or practice(s) does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

46. Rather, the same policy(s) or practice(s) which resulted in the non-payment of minimum wages and tips that were the sole property of Plaintiff applied and continues to apply to all class members.

47. Accordingly, the class members are properly defined as:

> **All persons who worked for Defendant as a Bellman in Florida during the three years preceding this lawsuit and who were paid a "tip-credited" minimum wage for their hours worked.**

48. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper minimum wages with respect to Plaintiff and the class members.

49. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

50. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

51. Upon information and belief, the records concerning the number of hours worked and the amounts to be paid to Plaintiff and the class members are in the possession, custody and control of Defendant.

**COUNT I- RECOVERY OF MINIMUM WAGES (FEDERAL)**

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51 above.

53. Plaintiff, and all those similarly situated, are/were entitled to be paid by Defendant the proper minimum wage for each hour worked per workweek.

54. Plaintiff and those similarly situated to him were/are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked per workweek during their employment with Defendant pursuant to 29 C.F.R. 778.5.

55. Plaintiff and the class members did not receive the full minimum wage contrary to the FLSA as a result of Defendant's improper practice and policy of requiring him and the class members to contribute to a tip pool that included employees who do not customarily receive tips.

56. Plaintiff and the class members did not receive the full minimum wage contrary to the FLSA as a result of Defendant's improper practice and policy of retaining tips which were the sole property of Plaintiff and the class members.

57. As a result of Defendant's improper policy(s) and practice(s), Plaintiff and the class members have not been properly compensated the statutory minimum wage for all hours worked per week during one or more workweeks during their employment with Defendant.

58. Because of these policies, Defendant violated the FLSA's tip-credit provisions and the FLSA's provision on minimum wages (29 U.S.C. §206) in that Plaintiff, and those similarly situated, have not been paid the statutory minimum wage for each hour worked during their employment.

59. As a direct and proximate result of Defendant's deliberate nonpayment of wages, Plaintiff, and those similarly situated, have been damaged in the loss of minimum wages, plus incurring reasonable attorneys' fees and costs.

60. As a result of these common policies, Plaintiff and those similarly situated, are entitled to receive the difference between the full statutory minimum wage and the hourly wage actually paid to them.

61. Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

62. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated, are entitled to liquidated damages.

63. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on his own behalf and on behalf of others similarly situated,

respectfully request that judgment be entered in their favor against Defendant;

a. Conditionally certifying a class of all persons who worked for Defendant as Bellman in Florida during the three years preceding this lawsuit and who were paid a "tip-credited" minimum wage or their hours worked;

b. Permitting Notice to all potential class members;

c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and/or minimum wage provisions of the FLSA;

d. Awarding Plaintiff, and those similarly situated, their unpaid minimum wages;

e. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

f. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

g. Ordering any other further relief the Court deems just and proper.

**COUNT II- RECOVERY OF TIPS (FEDERAL)**

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-51 above.

65. Plaintiff and those similarly situated to him are entitled to retain 100% of all tips paid to them because tips are the sole property of employees under the FLSA.

66. Defendant violated the FLSA by improperly retaining tips that were the sole property of Plaintiff and the class members.

67. As a result of Defendant's improper policy(s) and practice(s), Plaintiff and the class members have not been properly compensated the full amount of tip wages earned by them during one or more workweeks during their employment with Defendant, contrary to the FLSA.

68. Because of these policies, Defendant violated the FLSA and the FLSA's tip-credit provisions in that Plaintiff, and those similarly situated, have not been paid all of their tips.

69. As a direct and proximate result of Defendant's deliberate nonpayment of tip wages, Plaintiff, and those similarly situated, have been damaged in the loss of tip wages, plus incurring reasonable attorneys' fees and costs.

70. As a result of these common policies, Plaintiff, and those similarly situated, are entitled to reimbursement of all tips improperly retained by Defendant.

71. Defendant knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

72. As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated, are entitled to liquidated damages.

73. Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on his own behalf and on behalf of others similarly situated, respectfully request that judgment be entered in their favor against Defendant;

a. Conditionally certifying a class of all persons who worked for Defendant as Bellman in Florida during the three years preceding this lawsuit and who were paid a "tip-credited" minimum wage or their hours worked;
b. Permitting Notice to all potential class members;
c. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices

complained of herein are in violation of the maximum hour and/or minimum wage provisions of the FLSA;

d. Awarding Plaintiff, and those similarly situated, their improperly retained tip wages;

e. Awarding liquidated damages in an amount equal to improper tip wage award, or alternatively, awarding pre-judgment interest;

f. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

g. Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff, on his own behalf and on behalf of others similarly situated, demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 9/25/19.

Respectfully submitted by,

Kimberly De Arcangelis, Esquire
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
*Trial Attorneys for Plaintiff*